IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | EP-13-CR-02619(1)-KC |
| v. | § | |
| | § | |
| DONALD ROBERT SNOWDEN, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Defendant Donald Snowden's Motion to Withdraw Guilty Plea ("Motion"), ECF No. 149, in the above-captioned case (the "Case"). For the reasons set forth below, the Motion is **DENIED**.

I.   BACKGROUND

On October 1, 2014, the grand jury returned a Superseding Indictment against Donald Robert Snowden ("Defendant") charging him with seven drug offenses stemming from his alleged participation in marijuana smuggling activities in and around the international border between the United States and the Republic of Mexico.  *See* Superseding Indictment, ECF No. 54.  By the Superseding Indictment, the government alleged that from June 1, 2013, through November 19, 2013, Defendant committed three separate federal conspiracy offenses:  (1) Conspiracy to Manufacture or Distribute a Controlled Substance for the Purposes of Unlawful Importation (Count One), in violation of 21 U.S.C. §§ 963 and 959(a); (2) Conspiracy to Import a Controlled Substance (Count Two), in violation of 21 U.S.C. §§ 963 and 952(a); and (3) Conspiracy to Possess with Intent to Distribute a Controlled Substance (Count Three), in violation of 21 U.S.C. §§ 846 and 841(a)(1) (collectively, the "Conspiracy Offenses").  *Id.* at 1-3.  The Superseding Indictment alleged that the quantity of marijuana involved in each of the

Conspiracy Offenses was 1,000 kilograms or more. *See id.* at 2-3.

Additionally, the Superseding Indictment charged Defendant with four substantive drug offenses stemming from two separate marijuana shipments, as follows: (1) November 1, 2013, Importation of a Controlled Substance (Count Four), in violation of 21 U.S.C. § 952(a); (2) November 1, 2013, Possession with Intent to Distribute a Controlled Substance (Count Five), in violation of 21 U.S.C. § 841(a)(1); (3) November 19, 2013, Importation of a Controlled Substance (Count Six), in violation of 21 U.S.C. § 952(a); and (4) November 19, 2013, Possession with Intent to Distribute a Controlled Substance (Count Seven), in violation of 21 U.S.C. § 841(a)(1).[1] *Id.* at 4-6.

On December 16, 2014 – at the request of both the government and Defendant – the Court held an evidentiary hearing to determine whether Defendant's entrapment-by-estoppel and public authority defenses were viable at trial. After hearing testimony from four witnesses, the Court issued an order granting the government's motion to exclude Defendant's public authority defense, but allowing Defendant to present an entrapment-by-estoppel defense subject to an acceptable offer of proof at the time of trial.[2] *See* Dec. 29, 2014, Order 20, ECF No. 128.

On February 11, 2015, Defendant pleaded guilty to Count 2 of the Superseding Indictment pursuant to a written plea agreement. *See* Plea Agreement 7, ECF No. 126; *see also* Feb. 11, 2015, Hr'g Tr. ("Plea Transcript"), ECF No. 146. After the Court granted two of Defendant's unopposed motions to continue sentencing, Defendant filed the instant Motion on August 5, 2015. *See* Mot. The government responded on August 11, 2015, opposing

---

[1] For each substantive count (Counts Four-Seven), the government additionally charged Defendant with aiding and abetting in violation of 18 U.S.C. § 2. *See* Superseding Indictment 4-6.

[2] The exact conditions set by the Court for the presentation of Defendant's entrapment-by-estoppel defense are beyond the scope of Defendant's Motion. However, it bears noting that the reason the Court required Defendant to make a formal offer of proof prior to presenting his entrapment-by-estoppel defense to the jury was because, even after receiving almost a full day of testimony and evidence, the Court was of the opinion that Defendant's legal theory was based upon "little more than [his own] unsupported conjecture." *See* Dec. 29, 2014, Order 19.

Defendant's requested relief.  *See* Government's Resp. to Def.'s Mot. to Withdraw Guilty Plea ("Response"), ECF No. 151.

## II.   DISCUSSION

### A.   Standard

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B).  The defendant bears the burden of establishing a fair and just reason for withdrawing his plea.  *United States v. Blancarte*, 428 F. App'x 455, 456 (5th Cir. 2011) (citing *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996)).

Trial courts traditionally consider seven factors in deciding whether to grant a motion to withdraw a guilty plea: (1) whether the defendant asserted his innocence, (2) whether withdrawal would prejudice the government, (3) whether the defendant delayed in filing the withdrawal motion, (4) whether withdrawal would inconvenience the court, (5) whether close assistance of counsel was available, (6) whether the plea was knowing and voluntary, and (7) whether withdrawal would waste judicial resources.  *United States v. Gray*, 717 F.3d 450, 450-51 (5th Cir. 2013) (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)).  The determination is based on the totality of the circumstances – no single factor is dispositive.  *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).  The trial court is not required to make a finding as to each factor.  *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009) (citing *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003)).

### B.   Analysis

In his Motion, Defendant seeks to withdraw his plea of guilty on the ground that "the acts giving rise to the charge of conviction were at the direction and behest of the Drug Enforcement

Administration" ("DEA").  *See* Mot. 1.  Defendant also argues that neither the government nor the Court will be prejudiced by allowing him to withdraw his plea and allowing the Case to proceed to trial.  *See id.* at 2-3.  The government responds that the facts elicited during the December 16, 2014, evidentiary hearing overwhelmingly support Defendant's guilty plea.  *See* Resp. 8.  The government further asserts that the weight of the remaining factors weigh in favor of denying the Motion.  *See id.* at 9-11.

The Court analyzes Defendant's Motion according to four of the more salient *Carr* factors:  whether Defendant asserted his innocence, whether withdrawal would prejudice the government, whether Defendant had close assistance of counsel, and whether Defendant's plea was knowing and voluntary.  *See Carr*, 740 F.2d at 343-44; *see also McKnight*, 570 F.3d at 646 (noting that the district court need not make findings as to each *Carr* factor).

### 1.     Defendant's assertion of innocence

By the Motion, Defendant "assert[s] his innocence and claims, as [he] argued during the December 16th evidentiary hearing, that the acts giving [rise] to the count of conviction derive from [his] work at the DEA's behest."  Mot. 2.  In response, the government argues that Defendant's bald assertion of innocence is insufficient to withdraw his plea absent a substantial supporting record.  Resp. 7.  The government further contends that since Defendant entered his plea of guilty, new facts have come to light that undermine Defendant's version of events with respect to his work for the DEA.[3]  *Id.* at 2-3, 7-9.

In this Circuit, a "claim [of innocence] alone is far from being sufficient to overturn denial of a withdrawal motion."  *Carr*, 740 F.2d at 344.  Here, Defendant stated clearly on at least two occasions in his colloquy with the Court that he conspired to import marijuana into the

---

[3] Because Defendant has failed to articulate any compelling reason for the withdrawal of his plea, the Court need not discuss the new evidence that the government raises in its Response.

United States.  *See* Plea Tr. 24-26.  In addition, Defendant signed a plea agreement to the same effect.  *See* Plea Agreement 7.  Finally, Defendant also admitted on the record that though he may have had some contact with the DEA during the time period set forth in the Superseding Indictment, his actions fell outside the scope of any public authority or entrapment-by-estoppel defense.  Plea Tr. 24-25.  Faced with this evidence, Defendant's post-guilty-plea assertion of innocence carries little weight.  *See Carr*, 740 F.2d at 344.

### 2. Prejudice to the government

Defendant argues that allowing him to withdraw his guilty plea will not prejudice the government because "the practical effect is that the trial would simply have been delayed by a matter of months."  Mot. 3.  The government responds that withdrawal would result in "severe prejudice" because two of the government's cooperating witnesses ("CD-1" and "CD-2") have since been removed from the United States.  Resp. 9.  According to the government, the testimony of these witnesses is "particularly relevant to [Defendant's guilt] because they explain the nature of the conspiracy and the inapplicability of the Public Authority defense, which is the basis for [Defendant's] claim of actual innocence."  *Id.*

The Fifth Circuit has indicated that "the likelihood of prejudice to the government is considerable where the withdrawal occurs after a key witness has become unavailable for trial." *See United States v. McElhaney*, 469 F.3d 382, 386 (5th Cir. 2006).  Here, the factual basis attached to Defendant's signed plea agreement is replete with references to CD-1 and CD-2.  *See* Plea Agreement 8.  The fact that these two cooperating witnesses may no longer be available to testify against Defendant at trial militates strongly against allowing Defendant to withdraw his plea.  *See McElhaney*, 469 F.3d at 386; *see also United States v. Rodriguez,* 306 F. App'x 135, 138 (5th Cir. 2009) (holding that the district court did not abuse its discretion in denying the

defendant's withdrawal motion where the government released and deported crucial trial witnesses after the defendant pleaded guilty).

### 3. Close assistance of counsel

Although Defendant does not invoke the "close assistance of counsel" factor in support of his Motion, it bears noting that Defendant "not only had close assistance of counsel[,] but had close assistance of highly effective counsel" at every stage in this proceeding. *See Carr*, 740 F.2d at 345. Indeed, Mr. Schydlower vigorously litigated Defendant's entrapment-by-estoppel and public authority defenses before, during, and after the December 16, 2014, evidentiary hearing. Defendant conceded as much during his plea colloquy, affirming that he was "absolutely" satisfied with Mr. Schydlower's representation in the Case. *See* Plea. Tr. 6-7. Accordingly, the "close assistance of counsel" factor weighs heavily against allowing Defendant to withdraw his plea. *See Carr*, 740 F.2d at 345.

### 4. Knowing and voluntary plea

The final factor that the Court discusses is the knowing and voluntary nature of Defendant's plea. The February 11, 2015, plea transcript establishes beyond any doubt that Defendant had a "'full understanding of what [his] plea connote[d] and of its consequence[s].'" *United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). During Defendant's plea colloquy with the Court, Defendant affirmed that he had an opportunity to review his written plea agreement with his counsel, and that it included "all of the agreements that [he] made" with the United States. Plea Tr. 3. Defendant further affirmed his understanding that by pleading guilty, he was waiving certain of his constitutional rights, including his right to a jury trial, right to remain silent, and right to confront the witnesses against him. *Id.* at 10-12. Finally, Defendant's counsel noted for the

record that he had discussed the public authority and entrapment-by-estoppel defenses "exhaustively" with Defendant, and that Defendant was electing to plead guilty because his actions fell "outside of the time frame [the government] described" in the factual basis and the Superseding Indictment. Tr. 24-25.

In sum, the transcript from the plea hearing shows that the Court, Defendant's counsel, and the government all advised Defendant of the consequences flowing from his guilty plea. *See Urias-Marrufo*, 744 F.3d at 366. In light of the knowing and voluntary nature of Defendant's plea, the likelihood of prejudice to the government if the Court were to allow Defendant to proceed to trial, and the close assistance of counsel that Mr. Schydlower provided Defendant at every stage in the Case, the Court finds that Defendant has not met his burden of showing a fair and just reason for withdrawing his guilty plea. *See Carr*, 740 F.2d at 343-44; *see also United States v. Washington*, 480 F.3d 309, 317 (5th Cir. 2007) ("Withdrawal is permitted for pleas unknowingly made; 'the purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" (quoting *Carr*, 740 F.2d at 345)) (alterations removed).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion, ECF No. 149, is hereby **DENIED.**

**SO ORDERED**.

**SIGNED** this 18th day of August, 2015.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE